## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| THOMAS BURNS, | * Civil Action No. |
| | * |
| Plaintiff, | * |
| v. | * |
| | * |
| | * |
| | * |
| AMERICAN FEDERATION OF TEACHERS, | * AUGUST 26, 2020 |
| AFL-CIO, RANDI WEINGARTEN, AFT | * |
| CONNECTICUT, JAN HOCHADEL, NEW | * |
| HAVEN FEDERATION OF TEACHERS | * |
| LOCAL 933, AND DAVID CICARELLA, | * |
| | * |
| Defendants. | * |
| | * |

## COMPLAINT

The plaintiff, Thomas Burns ("Burns" or "plaintiff"), by his counsel, Suisman, Shapiro, Wool, Brennan, Gray & Greenberg, complaining of the defendants herein, respectfully alleges as follows:

## NATURE OF THE CLAIMS

1.    This action is brought to remedy violations of the Labor-Management Reporting and Disclosure Act, 29 U.S.C. § 401, *et seq.*, and various common law claims, and any and all other causes of action which are alleged and/or can be inferred from the facts set forth herein.

2.    The Plaintiff seeks monetary relief including, but not limited to:  back pay, front pay, compensatory and punitive damages, attorney's fees and the costs of this action, and any and all other appropriate legal and equitable relief pursuant to applicable state and federal law.

Suisman, Shapiro, Wool, Brennan, Gray & Greenberg, P.C.  The Courtney Building, Suite 200, 2 Union Plaza, Post Office Box 1591
New London, Connecticut 06320    Tel. (860) 442-4416    Juris No. 62114

## JURISDICTION AND VENUE

3.      This is an action that arises under the Federal Civil Rights Act of 1871, 42 U.S.C. § 1983, to redress the deprivation, under color of state law, of rights, privileges and immunities secured to the plaintiff by the United States Constitution, particularly the Frist and Fourteenth Amendments.  Jurisdiction of this Court is based upon 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

4.      Venue is proper in the District of Connecticut pursuant to 28 U.S.C. § 1391(b) in that plaintiff, Thomas Burns, resides in Connecticut, his claims arose in this district, and substantial actions occurred in this district.

## PARTIES

5.      The plaintiff, Thomas Burns, is a male resident of Connecticut who resides at 19 Halls Road, Westbrook, Connecticut.

6.      The defendant, American Federation of Teachers, AFL-CIO ("AFT National"), is a national public sector labor organization representing public school teachers in Connecticut and throughout the United States.

7.      The defendant, Randi Weingarten, was at all relevant times and remains the President of AFT National.

8.      The defendant, AFT Connecticut, is the State level affiliate of AFT National, representing public school teachers in Connecticut.

9.      The defendant, Jan Hochadel, was at all relevant times and remains the President of AFT Connecticut.

2

10.     The defendant, New Haven Federation of Teachers Local 933 ("NHFT" or "Local 933"), is a local public sector labor organization and member of AFT National representing public school teachers in the New Haven, Connecticut school district.

11.     The defendant, David Cicarella, was at all relevant times and remains the President of NHFT.

### FACTS

12.     Beginning in or around 2007 and through the present, Cicarella served as the President of Local 933.

13.     Burns served as the Vice President from 2007 until December 31, 2018.

14.     In 2018, Burns chose to run for President against Cicarella.

15.     Local 933 mailed the ballots to its membership on or about November 1, 2018, and the ballots were to be counted on December 4, 2018.

16.     Cicarella prevailed and received 392 votes, while Burns received 372 votes, and a third candidate, Cameo Thorne, received 122 votes.

17.     On December 13, 2018, while attending a union Christmas Party, Burns learned that during the campaign Cicarella, despite more than 20 years of friendship, told members and other people that Burns was using drugs and was going to use union funds to support his habit.

18.     Burns confronted Cicarella at the party, at which time Cicarella apologized profusely.

19.     On or about January 24, 2019, Burns filed an election complaint with the NHFT Trustees.

SUISMAN, SHAPIRO, WOOL, BRENNAN, GRAY & GREENBERG, P.C.   THE COURTNEY BUILDING, SUITE 200, 2 UNION PLAZA, POST OFFICE BOX 1591
NEW LONDON, CONNECTICUT 06320    TEL. (860) 442-4416    JURIS NO. 62114

20.     The Trustees failed to perform a true investigation, including failing to take a statement from Burns, and eventually upheld the results of the election in a decision dated March 5, 2019.

21.     The head Trustee of the Local, MarcAnthony Solli, was a candidate on Cicarella's election slate and was also given a $100 gift card after the election by Cicarella.

22.     On March 22, 2019, Burns filed an appeal of the Trustees decision with AFT National.

23.     On or about March 27, 2019, Burns requested that AFT CT conduct an investigation into possible embezzlement and misuse of funds by Cicarella.

24.     On or about April 1, 2019, AFT National sent a response indicating that an investigation of the election complaints would take place.

25.     On or about April 24, 2019, Burns sent a complaint to the Office of Labor and Management Standards ("OLMS") at the United States Department of Justice concerning the election.

26.     On or about April 30, 2019, Local 933 Vice President Pat Delucia requested that Burns attend a meeting with Cicarella and Eric Chester, an attorney representing Local 933.

27.     Mr. Burns agreed to attend, but was not fully aware of the nature of the meeting.

28.     At the meeting, Chester took the lead and said that if Burns went to the authorities about the embezzlement and misuse of funds, it would not look good and would possibly harm the union.

SUISMAN, SHAPIRO, WOOL, BRENNAN, GRAY & GREENBERG, P.C.   THE COURTNEY BUILDING, SUITE 200, 2 UNION PLAZA, POST OFFICE BOX 1591
NEW LONDON, CONNECTICUT 06320    TEL. (860) 442-4416    JURIS NO. 62114

Case 3:20-cv-01250-JAM   Document 1   Filed 08/26/20   Page 5 of 15

29.     Chester asked Burns to let AFT CT investigate the embezzlement and to not involve other authorities, including the Federal Bureau of Investigation.

30.     At the meeting, Cicarella asked Burns what he would have to do to avoid a law enforcement investigation and the allegations becoming public.

31.     Burns responded that Cicarella would need to resign.

32.     Burns did not request anything else and also indicated that he had no intention of running for President if Cicarella resigned.

33.     In fact, there was an open discussion that Delucia would be the one to fill the position should Cicarella choose to resign.

34.     On May 3, 2019, Delucia told Burns that Cicarella and Chester wanted to meet again.

35.     At that second meeting, Cicarella asked Chester if he could prepare a Memorandum of Understanding wherein he would agree to resign from his position. Chester agreed that he could.

36.     Cicarella asked if he could have a little time to make the decision on whether he would resign.

37.     Thereafter, Chester called Burns to advise him to retain a lawyer because Cicarella was planning to file a police report alleging that Burns had extorted him and that Cicarella had retained Attorney Willie Dow.

38.     On May 8, 2019, Burns received a letter from Dow on behalf of Cicarella, wherein he alleged that Burns had committed extortion.

SUISMAN, SHAPIRO, WOOL, BRENNAN, GRAY & GREENBERG, P.C. THE COURTNEY BUILDING, SUITE 200, 2 UNION PLAZA, POST OFFICE BOX 1591
NEW LONDON, CONNECTICUT 06320    TEL. (860) 442-4416    JURIS NO. 62114

39.     At some point, AFT Connecticut retained Attorney Michael Doyle to perform a purported "independent" investigation of Burns's allegations of embezzlement and misuse of funds.

40.     In reality, Doyle is a member of Chester's law firm, Ferguson, Doyle & Chester, P.C., which has represented the local and handled matters for Cicarella.  As such, the firm could not be considered independent.

41.     On May 9, 2019, Burns met with Doyle to provide a statement concerning Cicarella's misuse of funds.

42.     On May 13, 2019, Burns traveled to Boston to present his formal complaint to OLMS.

43.     Burns was interviewed for several hours by OLMS staff concerning the election.

44.     On or about May 23, 2019, Burns received notice from AFT National indicating that it had formed a committee to investigate the election complaints.

45.     On June 6, 2019, AFT National held a "hearing" in New Haven, wherein no witnesses were placed under oath.

46.     During the course of the hearing, Cicarella expressed numerous untruths and fabrications.

47.     Burns presented his complaints about the election.

48.     Cicarella made it apparent that he was told by AFT to accuse Burns of extortion.

49.     Not surprisingly, the AFT committee performing the investigation found that Burns had committed extortion, a crime in Connecticut that involves one "person

SUISMAN, SHAPIRO, WOOL, BRENNAN, GRAY & GREENBERG, P.C.   THE COURTNEY BUILDING, SUITE 200, 2 UNION PLAZA, POST OFFICE BOX 1591
NEW LONDON, CONNECTICUT 06320    TEL. (860) 442-4416    JURIS NO. 62114

obtaining property . . . when he compels or induces another person to deliver such property to himself or a third person by means of instilling in him a fear [of certain actions] if the property is not so delivered." Connecticut General Statutes § 53a-119.

50.     Burns at no time made a demand to Cicarella for delivery to him of any property at any time.

51.     On or about July 12, 2019, Doyle issued a report concerning his investigation of the misuse of funds, wherein Cicarella was exonerated of all wrongdoing with respect to embezzlement and misuse of funds.

52.     Doyle's investigation was cursory at best and he failed to speak with the Local 933 Finance Committee, the Eboard, the office staff, and the technical staff.

53.     Moreover, the investigation relied upon a financial audit that was performed by Local 933's own accountant who worked closely with Cicarella during his tenure as President.

54.     On July 12, 2019, AFT National investigation issued its findings with respect to the election, wherein it was determined that the election would need to be redone due to the fact that certain members were not afforded the right to vote.

55.     However, AFT National also determined that Burns could not be a candidate for office in that election due to his "extortion" of Cicarella.

56.     AFT cited no authority for its decision to preclude Burns from sitting as a candidate for office.

57.     Thereafter, AFT began making public its allegations of extortion allegedly committed by Burns.

SUISMAN, SHAPIRO, WOOL, BRENNAN, GRAY & GREENBERG, P.C.   THE COURTNEY BUILDING, SUITE 200, 2 UNION PLAZA, POST OFFICE BOX 1591
NEW LONDON, CONNECTICUT 06320     TEL. (860) 442-4416     JURIS NO. 62114

58.     On July 16, 2019, Weingarten and Hochadel, acting in their individual and representative capacities, sent a letter to the entire membership of the NHFT.  A copy of that letter is attached hereto at Exhibit 1.

59.     In that letter, the defendants accused the plaintiff of "extortion" and "illegal activity."

60.     Those allegations were false.

61.     The letter further stated that the plaintiff would be precluded from "participating in this election, or the next one" or from being appointed as an officer during that period of time.

62.     The defendants cited no authority for that decision, which clearly violated the plaintiff's individual rights as well as his rights as a member of the union.

63.     A July 17, 2019, article on the front page of the New Haven Register, reported that Burns was disqualified as a candidate for president over "extortion."

64.     On July 23, 2019, Burns sent an email to the Eboard members concerning his election and misuse of funds complaints.  A copy of that email is attached hereto at Exhibit 2.

65.     On July 30, 2019, Weingarten and Hochadel sent a letter to the NHFT Eboard members attempting to refute Burns's claims and accusing him of criminal behavior.  A copy of that email is attached hereto at Exhibit 3.

66.     In that letter, Weingarten and Hochadel, acting in their individual and representative capacities, accused Burns of criminal acts, among other false allegations.

SUISMAN, SHAPIRO, WOOL, BRENNAN, GRAY & GREENBERG, P.C.  THE COURTNEY BUILDING, SUITE 200, 2 UNION PLAZA, POST OFFICE BOX 1591
NEW LONDON, CONNECTICUT 06320   TEL. (860) 442-4416   JURIS NO. 62114

67.   In addition to repeating the allegations of the July 16, 2019, letter, the letter to the Eboard alleged that the plaintiff attempted to extort "the presidency from Cicarella."

68.   In the concluding paragraph of the letter, the defendants refer to the plaintiff's rightful acts as a "dark path" and state that the plaintiff "has chosen to stoop to a low level, including violating state law, in order to attempt to get revenge, as he sees it, against Cicarella and win the presidency."

69.   At no time did Burns indicate that he desired to take over the presidency from Cicarella.

70.   On April 3, 2020, the United States Department of Labor filed a lawsuit in this Court seeking to overturn the NHFT election of officers conducted on February 27, 2019.

71.   That suit by the Department of Labor was the result of the complaint the plaintiff filed with the Office of Labor and Management Standards.

### COUNT ONE
**Defamation – Libel**
**As to AFT National, AFT Connecticut, Randi Weingarten, and Jan Hochadel**

72.   Burns re-alleges and incorporates by reference Paragraphs 1 through 71 as if fully stated herein.

73.   The defendants, by and through their agents, made false and defamatory statements about and directly identifying the plaintiff in writing.

74.   Those statements were published to numerous third parties in unprivileged communications.

9

75.     The statements were made in a negligent, reckless, and intentional manner with malice and with actual or constructive knowledge of the potential consequences to the plaintiff of such statements.

76.     The defamatory and false statements caused the plaintiff actual, special damage.

77.     Burns has suffered significant emotional distress as a result of the libelous statements by the defendants causing emotional and physical illness and necessitating medical treatment.

78.     Burns suffered significant damage to his reputation as a result of the false and defamatory statements.

79.     The false and defamatory statements were so inherently inflammatory, alleging criminal acts against the plaintiff, that they constitute per se defamation.

### COUNT TWO
### Defamation – Libel and Slander
### As to David Cicarella

80.     Burns re-alleges and incorporates by reference Paragraphs 1 through 71 as if fully stated herein.

81.     The defendant, David Cicarella, made false and defamatory statements about and directly identifying the plaintiff in writing and orally.

82.     Those statements were published to numerous third parties in unprivileged communications.

83.     The statements were made in a negligent, reckless, and intentional manner with malice and with actual or constructive knowledge of the potential consequences to the plaintiff of such statements.

SUISMAN, SHAPIRO, WOOL, BRENNAN, GRAY & GREENBERG, P.C.   THE COURTNEY BUILDING, SUITE 200, 2 UNION PLAZA, POST OFFICE BOX 1591
NEW LONDON, CONNECTICUT 06320    TEL. (860) 442-4416    JURIS NO. 62114

84.     The defamatory and false statements caused the plaintiff actual, special damage.

85.     Burns has suffered significant emotional distress as a result of the libelous statements by the defendant causing emotional and physical illness and necessitating medical treatment.

86.     Burns suffered significant damage to his reputation as a result of the false and defamatory statements.

87.     The false and defamatory statements were so inherently inflammatory, alleging criminal acts against the plaintiff, that they constitute per se defamation.

### COUNT THREE
**42 U.S.C. § 1983 and First and Fourteenth Amendments**
**Suppression of Freedom of Expression**

88.     Burns re-alleges and incorporates by reference Paragraphs 1 through 71 as if fully stated herein.

89.     The Plaintiff engaged in constitutionally protected activity when he reported his complaints regarding the election and the misuse of funds by Cicarella.

90.     The plaintiff, in voicing his concerns, acted for and by his fellow citizens and members of the union by pursuing the efficacy and legitimacy of the election and in addressing the proper use of union dues.

91.     The Plaintiff's speech on an issue of public concern caused no substantial or material interference with the business of any of the defendants in that:

   a.     the statement(s) were made through the proper channels and with the intent and purpose of ensuring accountability;

   b.     the statement(s) caused no business disruption; and

SUISMAN, SHAPIRO, WOOL, BRENNAN, GRAY & GREENBERG, P.C.   THE COURTNEY BUILDING, SUITE 200, 2 UNION PLAZA, POST OFFICE BOX 1591
NEW LONDON, CONNECTICUT 06320   TEL. (860) 442-4416   JURIS NO. 62114

c.      the statement(s) caused no loss of revenue or productivity.

92.      Immediately after engaging in constitutionally protected speech, the defendants retaliated against the plaintiff and disciplined him as a direct result of his protected activity.

93.      The defendants' wrongful acts against the plaintiff were in violation of both the United States and Connecticut Constitutions and, more specifically, in violation of the plaintiff's First Amendment rights to free speech and association, as secured against state infringement by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

94.      The plaintiff has been caused to suffer damages due to the defendants' wrongful acts, and is entitled to compensatory and punitive damages, emotional distress damages, and attorneys' fees.

## COUNT FOUR
### Negligent Infliction of Emotional Distress

95.      Burns re-alleges and incorporates by reference Paragraphs 1 through 71 as if fully stated.

96.      Defendant knew or should have known that its conduct in subjecting the plaintiff to the acts set forth herein created an unreasonable risk of causing severe emotional distress to the plaintiff and that such distress might result in illness or bodily harm.

97.      Burns's emotional distress was foreseeable and reasonable in light of the Defendant's conduct.

98.      Burns's emotional distress was severe enough that it caused illness for which Burns sought medical treatment.

Suisman, Shapiro, Wool, Brennan, Gray & Greenberg, P.C.  The Courtney Building, Suite 200, 2 Union Plaza, Post Office Box 1591
New London, Connecticut 06320    Tel. (860) 442-4416    Juris No. 62114

99.   The defendants' conduct was the cause of Burns's distress.

100.   As a result of the defendant's acts, the plaintiff has suffered severe emotional distress.

## COUNT FIVE
### Tortious Interference

101.   The allegations of paragraphs 1 through 71 are repeated and re-alleged as if set forth fully herein.

102.   The plaintiff maintained a contractual and/or business relationship with NHFT and its membership.

103.   The defendants knew of that contractual and/or business relationship.

104.   The defendants, with the exception of NHFT, individually and collectively, intentionally and tortiously interfered with the contractual relationship and/or business relationship between the plaintiff and NHFT and its membership.

105.   As a result of the interference, the plaintiff suffered actual loss.

## COUNT SIX
### Breach of Duty of Good Faith and Fair Dealing

106.   The allegations of paragraphs 1 through 71 are repeated and re-alleged as if set forth fully herein.

107.   Inherent in every contract is a duty of good faith and fair dealing.

108.   The defendants breached that duty of good faith and fair dealing by undertaking discretionary acts of discipline against the plaintiff in violation of the terms of the NHFT Bylaws and the membership agreements with AFT National and AFT Connecticut, and/or the spirit of those agreements.

109.   In undertaking those acts, the defendants acted in bad faith.

SUISMAN, SHAPIRO, WOOL, BRENNAN, GRAY & GREENBERG, P.C.   THE COURTNEY BUILDING, SUITE 200, 2 UNION PLAZA, POST OFFICE BOX 1591
NEW LONDON, CONNECTICUT 06320   TEL. (860) 442-4416   JURIS NO. 62114

110.   The plaintiff has been caused to suffer damages as a result of the breach of the duty of good faith and fair dealing in the form of costs, attorneys' fees, emotional distress and loss of reputation.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff prays that this Court:

1.   award compensatory and punitive damages as allowed by statute;

2.   award attorney's fees and costs, including expert witness expenses;

3.   grant plaintiff a trial by jury; and

4.   grant such other and further relief as may be just and equitable.

PLAINTIFF,
THOMAS BURNS

BY: _____
Theodore W. Heiser, ct23807
Suisman, Shapiro, Wool, Brennan,
Gray & Greenberg, P.C.
2 Union Plaza, Suite 200
P.O. Box 1591
New London, CT 06320
Tele. No.: (860)442-4416
Fax No.:  (860) 442-0495
Email:  theiser@sswbgg.com
His Attorney

SUISMAN, SHAPIRO, WOOL, BRENNAN, GRAY & GREENBERG, P.C.  THE COURTNEY BUILDING, SUITE 200, 2 UNION PLAZA, POST OFFICE BOX 1591
NEW LONDON, CONNECTICUT 06320   TEL. (860) 442-4416   JURIS NO. 62114

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THOMAS BURNS, | * Civil Action No. |
| Plaintiff, | * |
| v. | * |
| | * |
| AMERICAN FEDERATION OF TEACHERS, | * AUGUST 26, 2020 |
| AFL-CIO, RANDI WEINGARTEN, AFT | * |
| CONNECTICUT, JAN HOCHADEL, NEW | * |
| HAVEN FEDERATION OF TEACHERS | * |
| LOCAL 933, AND DAVID CICARELLA, | * |
| Defendants. | * |

**JURY TRIAL CLAIM**

The plaintiff, Thomas Burns, claims a trial by jury on all claims triable by jury.

PLAINTIFF,
THOMAS BURNS

BY:_____
Theodore W. Heiser, ct23807
Suisman, Shapiro, Wool, Brennan,
Gray & Greenberg, P.C.
2 Union Plaza, Suite 200
P.O. Box 1591
New London, CT 06320
Tele. No.: (860)442-4416
Fax No.: (860) 442-0495
Email:  theiser@sswbgg.com
His Attorney

SUISMAN, SHAPIRO, WOOL, BRENNAN, GRAY & GREENBERG, P.C.   THE COURTNEY BUILDING, SUITE 200, 2 UNION PLAZA, POST OFFICE BOX 1591
NEW LONDON, CONNECTICUT 06320   TEL. (860) 442-4416   JURIS NO. 62114