**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| THOMAS BURNS, | \* | Civil Action No. |
| | \* | 3:20-CV-01250 |
| Plaintiff, | \* | |
| v. | \* | |
| | \* | |
| | \* | |
| | \* | |
| AMERICAN FEDERATION OF TEACHERS, | \* | NOVEMBER 6, 2020 |
| AFL-CIO, RANDI WEINGARTEN, AFT | \* | |
| CONNECTICUT, JAN HOCHADEL, NEW | \* | |
| HAVEN FEDERATION OF TEACHERS | \* | |
| LOCAL 933, AND DAVID CICARELLA, | \* | |
| | \* | |
| Defendants. | \* | |
| _____ | \* | |

## FIRST AMENDED COMPLAINT

The plaintiff, Thomas Burns ("Burns" or "plaintiff"), by his counsel, Suisman, Shapiro, Wool, Brennan, Gray & Greenberg, complaining of the defendants herein, respectfully alleges as follows:

## NATURE OF THE CLAIMS

1. This action is brought to remedy violations of the Federal Civil Rights Act of 1871, 42 U.S.C. § 1983, by public employee labor organizations, and various common law claims, and any and all other causes of action which are alleged and/or can be inferred from the facts set forth herein.

2. The Plaintiff seeks monetary relief including, but not limited to: compensatory and punitive damages, attorney's fees and the costs of this action, and any and all other appropriate legal and equitable relief pursuant to applicable state and federal law.

**JURISDICTION AND VENUE**

3. This is an action that arises under the Federal Civil Rights Act of 1871, 42 U.S.C. § 1983, to redress the deprivation, under color of state law, of rights, privileges and immunities secured to the plaintiff by the United States Constitution, particularly the Frist and Fourteenth Amendments. Jurisdiction of this Court is based upon 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

4. Venue is proper in the District of Connecticut pursuant to 28 U.S.C. § 1391(b) in that plaintiff, Thomas Burns, resides in Connecticut, his claims arose in this district, and substantial actions occurred in this district.

**PARTIES**

5. The plaintiff, Thomas Burns, is a male resident of Connecticut who resides at 19 Halls Road, Westbrook, Connecticut.

6. The defendant, American Federation of Teachers, AFL-CIO ("AFT National"), is a national public sector labor organization representing public school teachers in Connecticut and throughout the United States.

7. The defendant, Randi Weingarten, was at all relevant times and remains the President of AFT National.

8. The defendant, AFT Connecticut, is the State level affiliate of AFT National, representing public school teachers in Connecticut.

9. The defendant, Jan Hochadel, was at all relevant times and remains the President of AFT Connecticut.

10. The defendant, New Haven Federation of Teachers Local 933 ("NHFT" or "Local 933"), is a local public sector labor organization and member of AFT National representing public school teachers in the New Haven, Connecticut school district.

11. The defendant, David Cicarella, was at all relevant times and remains the President of NHFT.

## FACTS

12. Beginning in or around 2007 and through the present, Cicarella served as the President of Local 933.

13. Burns served as the Vice President from 2007 until December 31, 2018.

14. In 2018, Burns chose to run for President against Cicarella.

15. Local 933 mailed the ballots to its membership on or about November 1, 2018, and the ballots were to be counted on December 4, 2018.

16. Cicarella prevailed and received 392 votes, while Burns received 372 votes, and a third candidate, Cameo Thorne, received 122 votes.

17. On December 13, 2018, while attending a union Christmas Party, Burns learned that during the campaign Cicarella, despite more than 20 years of friendship, told members and other people that Burns was using drugs and was going to use union funds to support his habit.

18. Burns confronted Cicarella at the party, at which time Cicarella apologized profusely.

19. On or about January 24, 2019, Burns filed an election complaint with the NHFT Trustees.

20. The Trustees failed to perform a true investigation, including failing to take a statement from Burns, and eventually upheld the results of the election in a decision dated March 5, 2019.

21. The head Trustee of the Local, MarcAnthony Solli, was a candidate on Cicarella's election slate and was also given a $100 gift card after the election by Cicarella.

22. On March 22, 2019, Burns filed an appeal of the Trustees decision with AFT National.

23. On or about March 27, 2019, Burns requested that AFT CT conduct an investigation into possible embezzlement and misuse of funds by Cicarella.

24. On or about April 1, 2019, AFT National sent a response indicating that an investigation of the election complaints would take place.

25. On or about April 24, 2019, Burns sent a complaint to the Office of Labor and Management Standards ("OLMS") at the United States Department of Justice concerning the election.

26. On or about April 30, 2019, Local 933 Vice President Pat Delucia requested that Burns attend a meeting with Cicarella and Eric Chester, an attorney representing Local 933.

27. Mr. Burns agreed to attend, but was not fully aware of the nature of the meeting.

28. At the meeting, Chester took the lead and said that if Burns went to the authorities about the embezzlement and misuse of funds, it would not look good and would possibly harm the union.

29. Chester asked Burns to let AFT CT investigate the embezzlement and to not involve other authorities, including the Federal Bureau of Investigation.

30. At the meeting, Cicarella asked Burns what he would have to do to avoid a law enforcement investigation and the allegations becoming public.

31. Burns responded that Cicarella would need to resign.

32. Burns did not request anything else and also indicated that he had no intention of running for President if Cicarella resigned.

33. In fact, there was an open discussion that Delucia would be the one to fill the position should Cicarella choose to resign.

34. On May 3, 2019, Delucia told Burns that Cicarella and Chester wanted to meet again.

35. At that second meeting, Cicarella asked Chester if he could prepare a Memorandum of Understanding wherein he would agree to resign from his position. Chester agreed that he could.

36. Cicarella asked if he could have a little time to make the decision on whether he would resign.

37. Thereafter, Chester called Burns to advise him to retain a lawyer because Cicarella was planning to file a police report alleging that Burns had extorted him and that Cicarella had retained Attorney Willie Dow.

38. On May 8, 2019, Burns received a letter from Dow on behalf of Cicarella, wherein he alleged that Burns had committed extortion.

39. At some point, AFT Connecticut retained Attorney Michael Doyle to perform a purported "independent" investigation of Burns's allegations of embezzlement and misuse of funds.

40. In reality, Doyle is a member of Chester's law firm, Ferguson, Doyle & Chester, P.C., which has represented the local and handled matters for Cicarella. As such, the firm could not be considered independent.

41. On May 9, 2019, Burns met with Doyle to provide a statement concerning Cicarella's misuse of funds.

42. On May 13, 2019, Burns traveled to Boston to present his formal complaint to OLMS.

43. Burns was interviewed for several hours by OLMS staff concerning the election.

44. On or about May 23, 2019, Burns received notice from AFT National indicating that it had formed a committee to investigate the election complaints.

45. On June 6, 2019, AFT National held a "hearing" in New Haven, wherein no witnesses were placed under oath.

46. During the course of the hearing, Cicarella expressed numerous untruths and fabrications.

47. Burns presented his complaints about the election.

48. Cicarella made it apparent that he was told by AFT to accuse Burns of extortion.

49. Not surprisingly, the AFT committee performing the investigation found that Burns had committed extortion, a crime in Connecticut that involves one "person

obtaining property . . . when he compels or induces another person to deliver such property to himself or a third person by means of instilling in him a fear [of certain actions] if the property is not so delivered."  Connecticut General Statutes § 53a-119.

50. Burns at no time made a demand to Cicarella for delivery to him of any property at any time.

51. On or about July 12, 2019, Doyle issued a report concerning his investigation of the misuse of funds, wherein Cicarella was exonerated of all wrongdoing with respect to embezzlement and misuse of funds.

52. Doyle's investigation was cursory at best and he failed to speak with the Local 933 Finance Committee, the Eboard, the office staff, and the technical staff.

53. Moreover, the investigation relied upon a financial audit that was performed by Local 933's own accountant who worked closely with Cicarella during his tenure as President.

54. On July 12, 2019, AFT National investigation issued its findings with respect to the election, wherein it was determined that the election would need to be redone due to the fact that certain members were not afforded the right to vote.

55. However, AFT National also determined that Burns could not be a candidate for office in that election due to his "extortion" of Cicarella.

56. AFT cited no authority for its decision to preclude Burns from sitting as a candidate for office.

57. Thereafter, AFT began making public its allegations of extortion allegedly committed by Burns.

58. On July 16, 2019, Weingarten and Hochadel, acting in their individual and representative capacities, sent a letter to the entire membership of the NHFT. A copy of that letter is attached hereto at Exhibit 1.

59. In that letter, the defendants accused the plaintiff of "extortion" and "illegal activity."

60. Those allegations were false.

61. The letter further stated that the plaintiff would be precluded from "participating in this election, or the next one" or from being appointed as an officer during that period of time.

62. The defendants cited no authority for that decision, which clearly violated the plaintiff's individual rights as well as his rights as a member of the union.

63. A July 17, 2019, article on the front page of the New Haven Register, reported that Burns was disqualified as a candidate for president over "extortion."

64. On July 23, 2019, Burns sent an email to the Eboard members concerning his election and misuse of funds complaints.

65. On July 30, 2019, Weingarten and Hochadel sent a letter to the NHFT Eboard members attempting to refute Burns's claims and accusing him of criminal behavior. A copy of that email is attached hereto at Exhibit 2.

66. In that letter, Weingarten and Hochadel, acting in their individual and representative capacities, accused Burns of criminal acts, among other false allegations.

67. In addition to repeating the allegations of the July 16, 2019, letter, the letter to the Eboard alleged that the plaintiff attempted to extort "the presidency from Cicarella."

68. In the concluding paragraph of the letter, the defendants refer to the plaintiff's rightful acts as a "dark path" and state that the plaintiff "has chosen to stoop to a low level, including violating state law, in order to attempt to get revenge, as he sees it, against Cicarella and win the presidency."

69. At no time did Burns indicate that he desired to take over the presidency from Cicarella.

70. On April 3, 2020, the United States Department of Labor filed a lawsuit in this Court seeking to overturn the NHFT election of officers conducted on February 27, 2019.

71. That suit by the Department of Labor was the result of the complaint the plaintiff filed with the Office of Labor and Management Standards.

## COUNT ONE
### Defamation – Libel
### As to AFT National, AFT Connecticut, Randi Weingarten, and Jan Hochadel

72. Burns re-alleges and incorporates by reference Paragraphs 1 through 71 as if fully stated herein.

73. The defendants, by and through their agents, made false and defamatory statements about and directly identifying the plaintiff in writing.

74. Those statements were published to numerous third parties in unprivileged communications.

75. The statements were made in a negligent, reckless, and intentional manner with malice and with actual or constructive knowledge of the potential consequences to the plaintiff of such statements.

76. The defamatory and false statements caused the plaintiff actual, special damage.

77. Burns has suffered significant emotional distress as a result of the libelous statements by the defendants causing emotional and physical illness and necessitating medical treatment.

78. Burns suffered significant damage to his reputation as a result of the false and defamatory statements.

79. The false and defamatory statements were so inherently inflammatory, alleging criminal acts against the plaintiff, that they constitute per se defamation.

## COUNT TWO
### Defamation – Libel and Slander
### As to David Cicarella

80. Burns re-alleges and incorporates by reference Paragraphs 1 through 71 as if fully stated herein.

81. The defendant, David Cicarella, made false and defamatory statements about and directly identifying the plaintiff in writing and orally.

82. Those statements were published to numerous third parties in unprivileged communications.

83. The statements were made in a negligent, reckless, and intentional manner with malice and with actual or constructive knowledge of the potential consequences to the plaintiff of such statements.

84. The defamatory and false statements caused the plaintiff actual, special damage.

85. Burns has suffered significant emotional distress as a result of the libelous statements by the defendant causing emotional and physical illness and necessitating medical treatment.

86. Burns suffered significant damage to his reputation as a result of the false and defamatory statements.

87. The false and defamatory statements were so inherently inflammatory, alleging criminal acts against the plaintiff, that they constitute per se defamation.

## COUNT THREE
### 42 U.S.C. § 1983 and First and Fourteenth Amendments
### Suppression of Freedom of Expression

88. Burns re-alleges and incorporates by reference Paragraphs 1 through 71 as if fully stated herein.

89. The Plaintiff engaged in constitutionally protected activity when he reported his complaints regarding the election and the misuse of funds by Cicarella.

90. The plaintiff, in voicing his concerns, acted for and by his fellow citizens and members of the union by pursuing the efficacy and legitimacy of the election and in addressing the proper use of union dues.

91. The Plaintiff's speech on an issue of public concern caused no substantial or material interference with the business of any of the defendants in that:

    a. the statement(s) were made through the proper channels and with the intent and purpose of ensuring accountability;

    b. the statement(s) caused no business disruption; and

    c. the statement(s) caused no loss of revenue or productivity.

92. Immediately after engaging in constitutionally protected speech, the defendants retaliated against the plaintiff and disciplined him as a direct result of his protected activity.

93. The defendants' wrongful acts against the plaintiff were in violation of both the United States and Connecticut Constitutions and, more specifically, in violation of the plaintiff's First Amendment rights to free speech and association, as secured against state infringement by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

94. The plaintiff has been caused to suffer damages due to the defendants' wrongful acts, and is entitled to compensatory and punitive damages, emotional distress damages, and attorneys' fees.

## **COUNT FOUR**
### **Negligent Infliction of Emotional Distress**

95. Burns re-alleges and incorporates by reference Paragraphs 1 through 71 as if fully stated.

96. Defendant knew or should have known that its conduct in subjecting the plaintiff to the acts set forth herein created an unreasonable risk of causing severe emotional distress to the plaintiff and that such distress might result in illness or bodily harm.

97. Burns's emotional distress was foreseeable and reasonable in light of the Defendant's conduct.

98. Burns's emotional distress was severe enough that it caused illness for which Burns sought medical treatment.

99. The defendants' conduct was the cause of Burns's distress.

100. As a result of the defendant's acts, the plaintiff has suffered severe emotional distress.

## COUNT FIVE
## Tortious Interference

101. The allegations of paragraphs 1 through 71 are repeated and re-alleged as if set forth fully herein.

102. The plaintiff maintained a contractual and/or business relationship with NHFT and its membership.

103. The defendants knew of that contractual and/or business relationship.

104. The defendants, with the exception of NHFT, individually and collectively, intentionally and tortiously interfered with the contractual relationship and/or business relationship between the plaintiff and NHFT and its membership.

105. As a result of the interference, the plaintiff suffered actual loss.

## COUNT SIX
## Breach of Duty of Good Faith and Fair Dealing

106. The allegations of paragraphs 1 through 71 are repeated and re-alleged as if set forth fully herein.

107. Inherent in every contract is a duty of good faith and fair dealing.

108. The defendants breached that duty of good faith and fair dealing by undertaking discretionary acts of discipline against the plaintiff in violation of the terms of the NHFT Bylaws and the membership agreements with AFT National and AFT Connecticut, and/or the spirit of those agreements.

109. In undertaking those acts, the defendants acted in bad faith.

110. The plaintiff has been caused to suffer damages as a result of the breach of the duty of good faith and fair dealing in the form of costs, attorneys' fees, emotional distress and loss of reputation.

## COUNT SEVEN
### Breach of the Duty of Fair Representation General Statutes § 10-153a(b)
### As to New Haven Federation of Teachers

111. Burns re-alleges and incorporates by reference Paragraphs 1 through 71 as if fully stated herein.

112. The Plaintiff filed a complaint with the Connecticut State Board of Labor Relations (the "SBLR") alleging a violation of the Duty of Fair Representation by the New Haven Federation of Teachers.

113. The Plaintiff and NHFT executed a Stipulation dated November 4, 2020, whereby the Plaintiff would withdraw the SBLR Complaint and NHFT would not contend in this action that the Plaintiff failed to exhaust the necessary administrative remedy of pursuing the Duty of Fair Representation claim with the SBLR.

114. NHFT, which owed Burns a duty of fair representation, breached that duty by acting based on improper motivation and in a manner that was arbitrary, perfunctory and/or inexcusably neglectful.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff prays that this Court:

1. award compensatory and punitive damages as allowed by statute;

2. award attorney's fees and costs, including expert witness expenses;

3. grant plaintiff a trial by jury; and

4. grant such other and further relief as may be just and equitable.

                    PLAINTIFF,
                    THOMAS BURNS

BY: /s/ ct23807
     Theodore W. Heiser, ct23807
     Suisman, Shapiro, Wool, Brennan,
     Gray & Greenberg, P.C.
     2 Union Plaza, Suite 200
     P.O. Box 1591
     New London, CT 06320
     Tele. No.: (860)442-4416
     Fax No.: (860) 442-0495
     Email: theiser@sswbgg.com
     His Attorney

## **CERTIFICATION OF SERVICE**

The preceding First Amended Complaint has been filed electronically through the Court's CMECF system with the consent of counsel for the defendants, who have not appeared as of today's date, but who have executed Waivers of Service on behalf of all of the defendants and agreed to accept service of this First Amended Complaint, and has been served on said counsel by electronic mail to the following:

Adam Bellotti
Bredhoff & Kaiser P.L.L.C.
805 15th Street N.W.
Suite 1000
Washington D.C. 20005
abellotti@bredhoff.com

Henry Murray
Livingston, Adler, Pulda, Meiklejohn & Kelly PC
557 Prospect Avenue
Hartford, Connecticut 06105-2922
hfmurray@lapm.org

/s/ ct23807
Theodore W. Heiser
ct23807

# EXHIBIT 1



VIA ELECTRONIC AND USPS MAIL

July 16, 2019

Dear NHFT member:

We're writing to make sure that you have the facts—and the decisions based on those facts—regarding a challenge to the December 2018 election for NHFT officers. In March 2019, former NHFT Vice President Tom Burns filed an appeal of the election results with the national AFT. Mr. Burns ran as a candidate for NHFT president, losing to Mr. Cicarella by 20 votes (a third candidate, Ms. Cameo Thorne, also ran).

When concerns are raised about a local election, we take it very seriously indeed. The AFT Constitution authorizes the AFT Executive Council to investigate when allegations are made that an election in an AFT affiliate has been conducted in a way that violates the local or AFT constitution or the standards set up by federal law. The AFT conducted an in-depth investigation into the election allegations made by Mr. Burns, including a hearing by an appointed committee of AFT Executive Council Vice Presidents, with all parties interviewed under oath. A copy of the AFT Decision and Order is available at the following link: https://www.aft.org/sites/default/files/aft_decision_concerning_the_internal_elections_at_the_new_haven_federation_of_teachers.final_.0709196.pdf. We have also been advised that the U.S. Department of Labor is conducting its own investigation.

Mr. Burns has also alleged that Mr. Cicarella, as NHFT president, had mismanaged and misused union funds for his own benefit. In response, AFT Connecticut commissioned a thorough investigation of this allegation, conducted by an independent lawyer, Michael Doyle. It included interviews with NHFT elected leaders, the local's Certified Public Accountant, and Mr. Burns, as well as a careful review of the local's financial processes and records.

What we found: *There were no improprieties in how the election was run, and no evidence of misuse or mismanagement of union funds by Mr. Cicarella.* There was no evidence of ballot tampering or ballot security issues, or of improper use of the union newsletter or other union perks to advance Mr. Cicarella's candidacy. We found no evidence for Mr. Burns' claims that Mr. Cicarella mishandled/misused union funds. In fact, Mr. Cicarella's expenditures as president are well-documented and are regularly approved by the NHFT Treasurer, Vice President (the position Mr. Burns previously held), and Finance Committee. An independent CPA performs an annual audit of the NHFT's expenditures and assets. NHFT's finances are well-run and transparent.

Despite these findings, however, the AFT has decided that the election must be rerun. During our election investigation, we discovered that members of three private-sector NHFT chapters weren't given a chance to vote in the December 2018 election. These chapters (a group of private school teachers at the Cedarhurst School of Yale University's School of Medicine, and two visiting nurse associations in the New Haven area) total about 27

The **American Federation of Teachers** is a union of professionals that champions fairness; democracy; economic opportunity; and high-quality public education, healthcare and public services for our students, their families and our communities. We are committed to advancing these principles through community engagement, organizing, collective bargaining and political activism, and especially through the work our members do.

American Federation of Teachers, AFL-CIO

AFT Teachers
AFT PSRP
AFT Higher Education
AFT Public Employees
AFT Nurses and Health Professionals

555 New Jersey Ave., N.W.
Washington, DC 20001
202-879-4400
www.aft.org

Randi Weingarten
PRESIDENT

Lorretta Johnson
SECRETARY-TREASURER

Mary Cathryn Ricker
EXECUTIVE VICE PRESIDENT

VICE PRESIDENTS

J. Philippe Abraham
Shelvy Y. Abrams
Barbara Bowen
Vicky Rae Byrd
Christine Campbell
Zeph Capo
Alex Caputo-Pearl
Donald Carlisto
Larry J. Carter, Jr.
Kathy A. Chavez
Melissa Cropper
Evelyn DeJesus
Arlia Diaz Rivera
Jolene T. DiBrango
Marietta A. English
Eric Feaver
Francis J. Flynn
Jeffery M. Freitas
David Gray
Anthony M. Harmon
David Hecker
Ian Hochadel
Fedrick C. Ingram
Jerry T. Jordan
Ted Kirsch
Frederick E. Kowal
Louis Malfaro
Terrence Martin, Sr.
Joanne M. McCall
John McDonald
Daniel J. Montgomery
Michael Mulgrew
Candice Owley
Andrew Pallotta
Paul Pecorale
David J. Quolke
Jesse Sharkey
Denise Specht
Wayne Spence
Tim Stoelb
Jessica J. Tang
Ann Twomey
Adam Urbanski

NHFT MEMBER / Page 2

members and are serviced by AFT Connecticut. But they are members under both the NHFT constitution and the AFT Constitution. Additionally, federal law requires that local members in good standing have the right to vote in local union elections. Federal court decisions have strongly upheld this right.

We can't know if these roughly 27 votes would have made a difference in the outcome of the original election, given the 20-vote margin. However, the right of a member to participate in the internal elections of its local is an important threshold issue and you deserve to have complete faith in the election outcome. Thus, the AFT has decided that the 2018 NHFT election must be rerun for all candidates in contested positions. The rerun will happen early this fall, with a four-week voting period. The AFT will monitor the conduct of the election.

Unfortunately, it gets more complicated. As mentioned earlier, Mr. Burns made allegations about financial practices of the local under Mr. Cicarella's leadership. We've learned that, in the presence of Mr. Cicarella and two other individuals, Mr. Burns threatened to make his allegations public unless Mr. Cicarella resigns his office. At the investigation hearing, the two other individuals who heard these statements by Mr. Burns testified under oath that he made them.

We believe such behavior by Mr. Burns constitutes extortion. What should the consequences be when a candidate for union office uses threats to try to settle an election dispute? Our union and its leadership will not abide illegal activity of this nature by anyone for any reason. The AFT has decided to disqualify Mr. Burns from participating in this election and the next one, or from being appointed to office during this time period.

AFT Connecticut and the AFT will be monitoring this situation closely and working with NHFT until a new election is held successfully. We will keep you posted. Thank you for the chance to set the record straight and share our decision in this matter.

In solidarity,

Jan Hochadel
President, AFT Connecticut

Randi Weingarten
President, American Federation of Teachers

RW: DS
Enclosures (1)

**EXHIBIT 2**



American Federation
of Teachers, AFL-CIO

AFT Teachers
AFT PSRP
AFT Higher Education
AFT Public Employees
AFT Nurses and Health Professionals

555 New Jersey Ave. N.W.
Washington, DC 20001
202-879-4400
www.aft.org

Randi Weingarten
PRESIDENT

Loretta Johnson
SECRETARY-TREASURER

Evelyn DeJesus
EXECUTIVE VICE PRESIDENT

VICE PRESIDENTS
J. Philippe Abraham
Shelvy Y. Abrams
Barbara Bowen
Vicky Rae Byrd
Christine Campbell
Zeph Capo
Alex Caputo-Pearl
Donald Carlisto
Larry J. Carter, Jr.
Kathy A. Chavez
Melissa Cropper
Aida Diaz Rivera
Jolene T. DiBrango
Marietta A. English
Eric Feaver
Francis J. Flynn
Jeffery M. Freitas
David Gray
Anthony M. Harmon
David Hecker
Jan Hochadel
Fedrick C. Ingram
Jerry T. Jordan
Ted Kirsch
Frederick E. Kowal
Louis Malfaro
Terrence Martin, Sr.
Joanne M. McCall
John McDonald
Daniel J. Montgomery
Michael Mulgrew
Candice Owley
Andrew Pallotta
Paul Pecorale
David J. Quolke
Jesse Sharkey
Denise Specht
Wayne Spence
Tim Stoelb
Jessica J. Tang
Ann Twomey
Adam Urbanski

VIA ELECTRONIC MAIL

July 30, 2019

Dear Local 933 E-Board Member:

We write, once again, concerning the election for Local 933 union officers, and the various appeals and follow-up since then. This time it's concerning a recent communication from a former officer of Local 933, Thomas Burns.

On July 23, Burns sent an email to 29 individuals, including those of you receiving this letter, in which he made a variety of incendiary, factually incorrect, false and misleading statements concerning President David Cicarella. On advice of counsel, we have been informed that certain of these statements are, in fact, libelous pursuant to Connecticut law. As your state and national union presidents, we are disturbed and frankly disgusted with this legal line crossing. We understand disappointment, but Burns has not just attempted to blackmail Cicarella; now he's resorted to defamation.

As you are well aware, Burns contested the results of the last presidential election at Local 933. He filed an election complaint with AFT Secretary-Treasurer Lorretta Johnson, and, around the same time, he filed a complaint with the United States Department of Labor. He was well within his rights to file these complaints, which are not the subject of this letter. As we informed you and your members via our letter of July 16, the AFT executive council has decided there are grounds to re-run the presidential election because the members in the nurse chapters and private schools were not provided ballots. However, for reasons discussed below, Burns will be disqualified from running again. The Department of Labor's own investigation process is ongoing, and we expect a final result from the agency by the end of August.

In the July 16 letter we also informed the members of Local 933 that Burns had made certain allegations of financial impropriety in a closed-door meeting with Cicarella and others. In that meeting, he threatened to go public with those allegations in an attempt to extort the presidency from Cicarella. In the hearing held as part of the AFT investigation, those who were present at the meeting confirmed that Burns made these statements. At the same time as the election investigation, AFT Connecticut fully investigated Burns' financial allegations

The American Federation of Teachers is a union of professionals that champions fairness; democracy; economic opportunity; and high-quality public education, healthcare and public services for our students, their families and our communities. We are committed to advancing these principles through community engagement, organizing, collective bargaining and political activism, and especially through the work our members do.

Local 933 E-Board Member /Page 2

and found them to be wholly without merit. Cicarella engaged in no financial impropriety whatsoever and to suggest otherwise is simply fallacious and malicious.

In the July 23 email, Burns made allegations of criminal financial impropriety that are in line with the ones he made in the closed-door meeting discussed above. He did so despite the existence of AFT Connecticut's investigation report and his knowledge of it. The financial analysis not only disproved Burns' allegations of financial impropriety by Cicarella, but also made clear that Burns was aware of the local's expenditures of funds during the relevant time period and that he assented to them at the time. When a fallacious statement alleging criminal activity is made with actual malice toward a public figure in the state of Connecticut, such a statement is considered libel *per se* and is actionable in a court of law. This is a serious matter, and we will not abide the making of libelous statements against one of our local presidents, no matter the circumstances.

It has become clear to us that, by and through his July 23 communication, Burns has chosen to stoop to a low level, including violating state law, in order to attempt to get revenge, as he sees it, against Cicarella and win the presidency of the local through non-democratic means. It is unfortunate that Burns has chosen this dark path, but we want you to be fully informed of his statements and their legal meaning, and, more importantly, we want you to know that you have the support of your state and national organizations as your local goes through this difficult period.

Sincerely,

*Jan Hochadel*
Jan Hochadel
President, AFT Connecticut

*Randi Weingarten*
Randi Weingarten
President, American Federation of Teachers